## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IONA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 14-1400-JWL** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Commissioner's determination at step two of the sequential evaluation process that Plaintiff's medically determinable impairments are not severe within the meaning of the Act, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I.    Background

Plaintiff applied for DIB, alleging disability beginning January 10, 2008. (R. 13, 127). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial

review of the final decision denying benefits.  Plaintiff argues that the Administrative

Law Judge (ALJ) erred in finding at step two that she was not disabled because he found

that her impairments are not severe within the meaning of the Act.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052

(10th Cir. 2009).  Section 405(g) provides that in judicial review "[t]he findings of the

Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g).  The court determines whether the ALJ's factual findings are

supported by substantial record evidence and whether he applied correct legal standards.

Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d

903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than

a preponderance; it is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see

also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that

of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.

Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

2

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the

burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ did not adequately explain his step two finding that Plaintiff has no severe impairment or combination of impairments, and so his decision is not supported by substantial record evidence.

## II.    Discussion

The ALJ determined at step two of the sequential process that Plaintiff has no impairment or combination of impairments that are severe within the meaning of the Act. (R. 16-20).  Consequently, he determined that Plaintiff is not disabled as defined in the Act, and did not evaluate the remaining steps in the process.  Id. at 20-21.

### A.    Arguments

Plaintiff points out that several medical source opinions in the record disagree with the ALJ's step two determinations, both that Plaintiff's fibromyalgia is not a medically determinable impairment in the circumstances, and that Plaintiff does not have any severe impairment or combination of impairments.  (Pl. Br. 7-8).  She argues that the ALJ did not explain why he rejected these opinions, and did not attempt to resolve the inconsistencies between them and the other medical source opinions.  Id. at 8-9.

The Commissioner argues that the ALJ reasonably found Plaintiff did not establish severe impairments before her date last insured.  She argues that Plaintiff failed to meet her burden to show her impairments were severe during the relevant period.  She asserts that Plaintiff need not only establish severe impairments at step two, but that "she must

show that her impairments caused functional limitations so severe that she was unable to engage in any substantial gainful activity for a continuous period of at least twelve (12) months." (Comm'r Br. 4). She argues that the state agency psychologists found there was insufficient evidence to establish disability before Plaintiff's date last insured. Id. at 5. The Commissioner argues that certain record medical opinions upon which the ALJ relied were better supported than other opinions, buttressing the ALJ's finding that Plaintiff did not have severe mental impairments before her date last insured. Id. at 6. She then explains how the medical opinions, properly understood, support the ALJ's determination. Id. at 6-7. She notes that the ALJ found Plaintiff's allegations of disabling symptoms "not entirely credible," id. at 7, and argues that "Plaintiff provided no probative evidence that she is subject to impairments of disabling severity." Id. at 8.

The Commissioner argues that the ALJ's narrative discussion was adequate to support his findings, and she notes that the ALJ gave his greatest reliance, "substantial weight," to the opinions of the medical experts, Dr. Belzer and Dr. Richard Cohen;[1] that

---

[1]The court notes that Dr. Richard Cohen is a psychiatrist who testified as a medical expert at the ALJ hearing in this case. (R. 13). However, a psychologist, Dr. Lauren Cohen is the psychological consultant who reviewed the record for the state Disability Determination Service and completed the Psychological Review Technique and Mental Residual Functional Capacity portions of the Disability Determination Explanation (Ex. 3A). (R. 71-73, 76-78, 379). Dr. Richard Cohen opined that Plaintiff's mental impairments are not severe within the meaning of the Act. (R. 57-59). Dr. Lauren Cohen opined that Plaintiff has severe mental impairments of affective disorder, personality disorder, and substance addiction disorder (R. 72) and that she has certain moderate limitations resulting from those mental impairments. (R. 77-78). Therefore, the court will use the full names of each of these doctors when referring to their opinions.

he assigned lesser, but "significant weight" to the opinions of the consultative examiners,

Dr. Morrow and Dr. Miller; and that he assigned the least, but "supporting weight" to the

opinions of the state agency consultants.  (Comm'r Br. 9).  She argues that any error in

assigning "supporting weight" to the opinions of the state agency consultants "was

without practical effect on the underlying decision that Plaintiff was not disabled during

the relevant period," because the ALJ assigned greater weight to the other medical

opinions.  Id.  The Commissioner concludes her argument by asserting that of

"overarching importance" in this case "is that Plaintiff has not met her burden [of]

showing that her alleged impairments are disabling."  Id. at 12.

### B.    The ALJ's Findings

The ALJ determined that Plaintiff's date last insured was December 31, 2011.  (R.

15).  He found at step one of the sequential evaluation process that Plaintiff did not

engage in any substantial gainful activity between her alleged onset date and her date last

insured.  Id.  At step two, he found that Plaintiff has medically determinable impairments

of diabetes mellitus, sleep apnea, dysthymic disorder, anxiety disorder NOS (not

otherwise specified), personality disorder, and prescription drug abuse.  Id.  He found that

Plaintiff's complaints of mitral valve prolapse, fibromyalgia, problems with her legs and

ankle, seizure disorder, and right wrist problems are not medically determinable

impairments in the circumstances presented here.  Id. 15-16.  He also found that Plaintiff

"did not have a severe impairment or combination of impairments."  Id. at 16.

6

The ALJ considered Plaintiff's allegations of symptoms, and found them "not entirely credible."  Id. at 18.  He also summarized and evaluated the medical opinions in the record and he accorded "substantial weight" to the opinions of the testifying medical experts, Dr. Belzer and Dr. Richard Cohen.  (R. 19).  He accorded "significant weight" to the medical opinions of the consultative examiners, internal medicine specialists, Dr. Morrow and Dr. Miller.  Id. at 19-20.  In a single sentence, he stated that he gave "supporting weight to the findings and opinion [sic] of consulting sources with the Disability Determination Service (DDS) who have supported their conclusions with direct citation to the medical record."  (R. 20) (citing Ex. 3A).  The "consulting sources with the Disability Determination Service" whose opinions appear in Exhibit 3A are Dr. C.A. Parsons, and Dr. Lauren Cohen.  (R. 71-78).

The ALJ applied the Commissioner's Psychiatric Review Technique, finding that Plaintiff had mild limitations in activities of daily living, mild limitations in social functioning, mild limitations in concentration, persistence, or pace, and no episodes of decompensation of extended duration.  (R. 20).  Consequently, he found that Plaintiff's medically determinable mental impairments are not severe.  Id.  He concluded his step two discussion:

> In sum, the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities.  Thus, the claimant does not have a severe impairment or combination of impairments.
>
> I also considered the capacity of claimant to perform her prior relevant work and the vocational expert testified that she has the capacity to do so

for both of her prior jobs, as actually performed and generally performed. Given the foregoing finding that claimant has no severe impairments, however, it is not necessary to further discuss those findings or opinions here.

Id.

### C.      **Analysis**

As a preliminary matter, it is necessary in this case to set out what the court is not deciding. The court is without jurisdiction to decide whether Plaintiff is disabled. As set forth above, it is the court's duty pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner (in this case, the decision of the ALJ) to determine whether she applied the correct legal standard, and whether substantial record evidence supports her decision. E.g. Lax, 489 F.3d at 1084; White, 287 F.3d at 905. The court's review begins--and ends--with the final decision. Therefore it is essential to determine what that decision was.

Here, the ALJ denied Plaintiff's application for disability insurance benefits at step two of the sequential evaluation process because he found that she did not have any impairment or combination of impairments which is severe within the meaning of the Social Security Act. In other words, he determined Plaintiff is not disabled because she has no severe impairment or combination of impairments. Despite the ALJ's gratuitous statements that he had "considered the capacity of claimant to perform her prior relevant work," and that "the vocational expert testified that she has the capacity to do so for both of her prior jobs, as actually performed and generally performed," he acknowledged that

he had made his decision at step two and that it was not necessary to discuss RFC, past

relevant work, or the ability to perform past relevant work. (R. 20). In fact, other than

the gratuitous statements quoted above, the ALJ expressed no consideration, and made no

findings regarding RFC, past relevant work, or the ability to perform work existing in the

economy. Moreover, none of that was necessary to his decision because he found at step

two of the evaluation process that Plaintiff has no severe impairment or combination of

impairments. And, in accordance with the Act and the regulations, one who has no severe

impairment or combination of impairments cannot be found disabled. 20 C.F.R.

§§ 404.1520(a)(4)(ii), 404.1520(c).

The Tenth Circuit has interpreted the regulations and determined that to establish a

"severe" impairment or combination of impairments at step two of the sequential

evaluation process, a claimant must make only a "de minimis" showing. Hinkle v. Apfel,

132 F.3d 1349, 1352 (10th Cir. 1997). Plaintiff need only show that an impairment

would have more than a minimal effect on her ability to do basic work activities.

Williams, 844 F.2d 748, 751 (10th Cir. 1988). However, she must show more than the

mere presence of a condition or ailment. Hinkle, 132 F.3d at 1352 (citing Bowen v.

Yuckert, 482 U.S. 137, 153 (1987)). If an impairment's medical severity is so slight that

it could not interfere with or have a serious impact on Plaintiff's ability to do basic work

activities, it could not prevent her from engaging in substantial work activity and will not

be considered severe. Hinkle, 132 F.3d at 1352.

9

Therefore, the Commissioner's argument that Plaintiff "must show that her impairments caused functional limitations so severe that she was unable to engage in any substantial gainful activity for a continuous period of at least twelve (12) months," while a necessary showing in order to qualify for DIB, is irrelevant here.  (Comm'r Br. 4).  The ALJ made his decision at step two, and the court may not decide the question of disability in the first instance.  The ALJ simply did not make RFC findings whether Plaintiff "was unable to engage in any substantial gainful activity for a continuous period of at least twelve (12) months."  Id.  Similarly, while it is admittedly correct that a claimant has the burden to show "that her alleged impairments are disabling," id. at 12, the court is without jurisdiction to weigh the evidence and to decide for itself whether particular impairments are disabling.  What the ALJ found is that Plaintiff has no severe impairment or combination of impairments.  The question before the court, then, is whether the ALJ's finding is supported by substantial record evidence.  And, in answering that question, the court may not reweigh the evidence, Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172, or create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

The ALJ accorded the greatest amount of weight, "substantial weight," to the opinions of the testifying medical experts, Dr. Belzer and Dr. Richard Cohen (R. 19), and based his finding that Plaintiff has no severe, medically determinable impairments upon the hearing testimony of Dr. Belzer that fibromyalgia is not a medically determinable

impairment based upon the medical evidence in this case, and the hearing testimony of

Dr. Richard Cohen that Plaintiff's mental impairments are not severe.  (R. 15-16).  And,

as noted above, the ALJ also accorded "supporting weight" to the "consulting source"

opinions of Dr. Parsons and Dr. Lauren Cohen.  (R. 20).

       However, contrary to Dr. Belzer's opinion, Dr. Parsons opined that Plaintiff has a

medically determinable impairment of fibromyalgia, which is severe.  (R. 72).  Contrary

to Dr. Richard Cohen's opinion, Dr. Lauren Cohen opined that Plaintiff's mental

impairments are severe (R. 72), and that Plaintiff has certain moderate limitations

resulting from those impairments.  (R. 77-78).  The ALJ accorded greater weight to the

opinions of the medical experts than to the consulting sources' opinions.  Therefore, it

may be inferred that the ALJ rejected the consulting sources' opinions regarding

medically determinable severe impairments.  But, he accorded "supporting weight" to the

consulting sources' opinions, and did not state that he had rejected their opinions

regarding medically determinable severe impairments.  In fact, he said nothing regarding

the consulting sources opinions in this regard, and in so far as the decision reveals, he was

unaware of the consulting sources' opinions that Plaintiff had medically determinable

severe impairments.  Because the ALJ neither acknowledged these opinions of the

consulting sources nor explained why or how he had rejected them, the court is unable to

determine what his rationale is or whether his rationale is supported by substantial record

evidence.  And the court may not provide a post-hoc rationale to decide the issue itself.

Remand is necessary, therefore, for the Commissioner properly to consider whether Plaintiff has any medically determinable severe physical or mental impairments. If she finds that Plaintiff does not have such impairments, she must explain her rationale for rejecting any contrary medical evidence or opinions, and that explanation must be supported by record evidence.  If she finds that Plaintiff has medically determinable severe physical or mental impairments, she must continue the sequential evaluation process beyond the second step and make a disability determination accordingly.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 30th  day of October 2015, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

12